NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 11-1909
_____

UNITED STATES OF AMERICA

v.

OTTO HARRIS,

Appellant

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(No. 2-09-cr-00303-001)
District Judge:  Honorable Alan N. Bloch

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
January 27, 2012

_____

Before:  AMBRO, CHAGARES, and HARDIMAN, Circuit Judges.

(Filed: January 27, 2012)

_____

OPINION

_____

CHAGARES, Circuit Judge.

Otto Harris was convicted by a jury of violating the felon-in-possession statute, 18

U.S.C. § 922(g), by possessing an assault rifle despite having several prior felony

convictions.  He now appeals his sentence, arguing that the District Court erred by

sentencing him pursuant to the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e). Harris further challenges his conviction by arguing that 18 U.S.C. § 922(g) is unconstitutional. We will affirm.

I.

We write solely for the parties' benefit and thus recite only the facts essential to our disposition. Because this appeal comes to us following a jury's guilty verdict, we set forth the facts as viewed in the light most favorable to the Government.

On November 12, 2009, a grand jury returned a one-count indictment charging Harris with possessing an assault rifle after having been convicted of two prior felonies in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). At trial, the parties stipulated that Harris had previously been convicted of a felony at the time he was alleged to have possessed a firearm. Appendix ("App.") 215. Harris's central argument was that the Government failed to prove his possession of a firearm affected interstate commerce. App. 281. On December 1, 2010, following a two-day trial, Harris was found guilty.

Prior to sentencing, the Presentence Investigation Report (PSR) recommended that Harris be sentenced under the ACCA, which requires a minimum sentence of 180 months of incarceration when a defendant has committed three serious drug offenses on different occasions. 18 U.S.C. § 924(e)(1). Harris objected to the PSR, arguing that it had not been shown that his prior drug offenses were committed on separate dates. The District Judge overruled the objection and sentenced Harris to a term of 188 months of imprisonment and five years of supervised release, a sentence at the bottom of the advisory guidelines range after application of the ACCA. App. 18-20.

2

II.

Because Harris raises purely legal issues on appeal, our review of Harris's conviction and sentence is plenary. United States v. Coleman, 451 F.3d 154, 156 (3d Cir. 2006).

Harris first asserts that the District Court erred by applying the ACCA because there was insufficient proof that he had committed three prior drug offenses on separate occasions. Under the ACCA, a district court must sentence a defendant who violated 18 U.S.C.§ 922(g) to a mandatory minimum sentence of fifteen years when the defendant "has three previous convictions . . . for a violent felony or a serious drug offense, or both, committed on occasions different from one another." 18 U.S.C.§ 924(e)(1). The existence of the requisite prior convictions "may be determined by the District Court by a preponderance of the evidence." Coleman, 451 F.3d at 159.[1] In making this determination, the District Court's inquiry "is limited to the terms of the charging document, the terms of a plea agreement or transcript of colloquy between judge and defendant in which the factual basis for the plea was confirmed by the defendant, or to some comparable judicial record of this information." Shepard v. United States, 544 U.S. 13, 26 (2005).

---

[1] Although Harris argues his prior convictions should have been proven to a jury applying a reasonable doubt standard, this argument is plainly contrary to binding Supreme Court precedent. See United States v. Almendarez-Torres, 523 U.S. 224, 243-44 (1998) (holding that earlier crimes which enhance a defendant's sentence need not be charged in an indictment or proven at trial); see also United States v. Ordaz, 398 F.3d 236, 240-41 (3d Cir. 2005) (affirming that Almendarez-Torres remains binding precedent).

The offenses which served as the basis for the application of the ACCA involved convictions in 2001 and 2005. The 2001 conviction involved Harris's guilty plea to three separate counts of drug distribution which occurred, according to the indictment, "on (or about)" October 15, 1998; October 20, 1998; and November 20, 1998. App. 15-18. Although the dates charged in the 2001 indictment were not substantive elements of the offenses, the indictment nonetheless contained factual matter which was sufficient for the District Court to conclude that Harris's 2001 conviction, when coupled with his 2005 conviction, represented at least three separate occasions on which Harris committed serious drug offenses. Thus, the District Court's application of the ACCA's mandatory minimum was appropriate.

Harris also asserts that the felon-in-possession statute, 18 U.S.C. § 922(g), is unconstitutional both on its face and as applied to his conduct. Harris's facial challenge rests on his argument that the conduct proscribed by the statute – the intrastate possession of a firearm – does not substantially affect interstate commerce and thus the statute is not a valid exercise of the authority granted to Congress by the Commerce Clause. We have already rejected this argument in United States v. Singletary, 268 F.3d 196, 200 (3d Cir. 2001), where we held that section 922(g) remained constitutional despite the Supreme Court's evolving Commerce Clause jurisprudence. As we explained, "the transport of a weapon in interstate commerce, however remote in the distant past, gives its present intrastate possession a sufficient nexus to interstate commerce" so as to establish federal jurisdiction. Id. We see no need to revisit that decision.

As for Harris's as applied challenge, it too is without merit. Proof that a firearm "traveled in interstate commerce, at some time in the past, [is] sufficient to satisfy the interstate commerce element" of the felon-in-possession statute. Id. at 205. To demonstrate that a firearm has been transported across state lines, the Government need only offer evidence that "the firearm was manufactured in a state other than the state where the possession occurred." United States v. Shambry, 392 F.3d 631, 634-35 (3d Cir. 2004). Here, the Government introduced evidence showing that the firearm at issue was manufactured in Vermont, and that Harris had possessed it in Pennsylvania. This plainly satisfies the interstate commerce requirement of section 922(g).

### III.

For the foregoing reasons, we will affirm the conviction and sentence of the District Court.